# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| SKE Base Services GmbH | ) | ASBCA No. 60101 |
| | ) | |
| Under Contract No. FA5613-10-C-0011 | ) | |

APPEARANCE FOR THE APPELLANT:     Mr. Edward Hayes
                                  Director

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                    Air Force Deputy Chief Trial Attorney
                                  Jason R. Smith, Esq.
                                    Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON THE PARTIES' CROSS-MOTIONS FOR SUMMARY JUDGMENT

The parties contracted for appellant to perform housing maintenance services at several base locations in Germany (*see* R4, tab 52 at 4). Appellant seeks additional compensation for that work. The parties cross-move for summary judgment upon the interpretation of the contract's Variable Monthly Workload Calculation (VMWLC). Summary judgment shall be granted if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Avant Assessment, LLC*, ASBCA No. 58867, 15-1 BCA ¶ 36,067 at 176,127 (citing FED. R. CIV. P. 56(a)). Appellant represents that "since the dispute involves matters of contract interpretation for which no material facts were in dispute, the parties have agreed to postpone [a hearing] in favor of attempting to have the issue of entitlement decided by submitting cross motions for summary judgment," and that "[t]he parties will seek to re-schedule the hearing should the Board determine summary judgment is not appropriate" (app. mot. at 4; *see* app. sur-reply at 7). The government also agrees that the crux of the matter relates to contract interpretation (gov't br. at 29; gov't reply at 1). From that we understand that if we agree with the government's interpretation of the contract, (1) no hearing is required, and (2) the appeal is to be denied for lack of entitlement.

The VMWLC provides:

### 1.1  VARIABLE MONTHLY WORKLOAD CALCULATION (VMWLC)

There are several future projects in the five-year construction program to renovate, demolish or build new facilities and eliminate entire neighborhoods in the KMC. These projects will drastically change the number of units presently in the contract and the footprint of the KMC neighborhoods serviced in this PWS. The Family Housing Maintenance Service Provider shall be responsible for the maintenance and upkeep of all changes/updates in the housing areas as they become available to the government for use. The Contracting Officer (CO) shall add new systems to this program as they become known and these items will thereafter be maintained as part of the contract. Likewise, items no longer required shall be removed from this program. Service Provider maintenance of items such as any different type of equipment installed will be at no additional cost to the government but an adjustment, if accepted by the CO, will be allowed. In order to compensate for these workload changes, a calculation for adjusting the price of Exhibit Line Item Number (ELIN) X009A is included in Appendix 2 VMWLC as an example.

**1.2  Change in Contract Workload**: If the quantities of housing facilities or units to be maintained by the Service Provider change, either by increasing or decreasing the estimated quantity shown in ELIN X009 an adjustment will be made to the ELIN X009A payment for the next month. The Housing Quality Assurance Person (QAP) shall provide the service provider a minimum of thirty days notice prior to adding or deleting facilities or units for maintenance. The adjustment will be effective on the first calendar day of the month following the minimum 30 day notice. This adjustment will be in the form of a VMWLC as shown in Appendix 2 VMWLC.

(R4, tab 52 at 60)

2

Appellant says that the only reasonable interpretation of the VMWLC is that the contract price "be equitably adjusted to reflect changes in actual workload (service calls), not just quantity of housing (inventory)," asserting that while "housing inventory decreased, the number of...service calls Appellant was required to field increased" (app. mot. at 2, 9, 11). The government says that the VMWLC "allow[s] contract price adjustments only for changes in the 'quantities of housing facilities or units'" (gov't br. at 16). We agree with the government. The plain language of the VMWLC provides that "[i]f *the quantities of housing facilities or units to be maintained by the Service Provider change*, either by increasing or decreasing the estimated quantity shown in ELIN X009 *an adjustment will be made* to the ELIN X009A payment for the next month" (emphasis added). There is nothing ambiguous about that language: it triggers a payment adjustment only when the quantities of housing facilities or units to be maintained changes. Appellant focuses on VMWLC's use of the term "workload changes," but the VMWLC specifically provides that "[i]n order to compensate for these workload changes, a calculation for adjusting the price of Exhibit Line Item Number (ELIN) X009A is included in Appendix 2 VMWLC as an example" (R4, tab 52 at 60). That calculation makes price adjustment a function of changes to the number of facilities, not the number of service calls (*see* R4, tab 2 at 1-3).

*Contract Reformation*

Alternatively, appellant says that the Board should reform the contract on the ground of mutual mistake to permit appellant an upward adjustment in its price for service calls (app. mot. at 2, 12-13). Reformation of a written agreement on the ground of mutual mistake is an extraordinary remedy, and is available only upon presentation of satisfactory proof of four elements:

> (1) the parties to the contract were mistaken in their belief regarding a fact;
> (2) that mistaken belief constituted a basic assumption underlying the contract;
> (3) the mistake had a material effect on the bargain; and
> (4) the contract did not put the risk of the mistake on the party seeking reformation.

*National Australia Bank v. United States*, 452 F.3d 1321, 1329 (Fed. Cir. 2006). The mistake here, appellant says, is "the belief that workload would vary proportionately with variations in the housing inventory" (app. mot. at 13). However, a party's prediction or judgment as to events to occur in the future, even if erroneous, is not a "mistake" as that word is defined under the doctrine of mutual mistake of fact. *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1203 (Fed. Cir. 1994).

3

Appellant also says that the VMWLC violates the contract's Changes clause, analogizing to *Beta Systems, Inc. v. United States*, 838 F.2d 1179, 1185 (Fed. Cir. 1988), in which the Court of Appeals reformed a contract that violated an acquisition regulation, but appellant invokes FAR 52.243-2(b), CHANGES—COST-REIMBURSEMENT (AUG 1987), without pointing to where in the contract that clause appears, and seems to agree with the government that FAR 52.243-2 does not appear in the contract at all (app. reply at 7-8; gov't reply at 5; app. sur-reply at 4).* Appellant nevertheless seems also to argue that FAR 52.243-2(b) must be read into the contract (app. sur-reply at 5), but does not even recite any particular provision of that clause, much less demonstrate how any provision of that clause requires reformation of the contract. We won't do appellant's work for it. *Cf. Orlosky Inc. v. United States*, 68 Fed. Cl. 296, 318 (2005) (refusing to "undertake to prepare evidence" or grant damages where contractor failed to establish overhead amount incurred due to government delays).

Finally, appellant says that the VMWLC as written violates "the FAR mandate for fair and reasonable prices," citing FAR 15.402(a), 15.404-1(a), and 15.405(b) (app. br. at 10). Having reviewed the cited regulations, we see nothing there that forbids a firm-fixed-price housing maintenance contract from limiting price adjustments to changes in "the quantities of housing facilities or units." *Cf. Kleen-Rite Corp.*, ASBCA No. 23707, 81-2 BCA ¶ 15,450 at 76,530 (enforcing meal adjustment clause). For all these reasons, we reject appellant's reformation argument.

## CONCLUSION

For these reasons, appellant's motion for summary judgment is denied, and, to the extent that the government requests an interpretation that the VMWLC limits price adjustments to changes in the quantities of housing facilities or units maintained, its motion is granted. We find no genuine dispute as to any material fact, and that the government is entitled to judgment as a matter of law. Given our conclusion that summary judgment in favor of the government is appropriate, we find no reason for a hearing, and deny the appeal.

---

* In any event, this was a commercial items contract that incorporated by reference FAR 52.212-4 (R4, tab 52 at 1), paragraph (c) of which states "Changes in the terms and conditions of this contract may be made only by written agreement of the parties."

4

The appeal is denied.

Dated: October 4, 2018

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60101, Appeal of SKE Base Services GmbH, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

5